**LEWIS v. WEDEMEYER.**

No. 16651.

Court of Appeal of Louisiana. Orleans.

May 3, 1937.

A. Deutsche O'Neal, of New Orleans, for appellant..

Dart & Dart and Louis C. Guidry, all of New Orleans, for appellee.

McCALEB, Judge.

In August, 1935, the plaintiff, a colored woman, was a tenant in a house owned by the defendant, Mrs. George Wedemeyer, Sr., located at 2426 Danneel street, in the city of New Orleans. She claims that, on August 8th, while she was using the rear steps of the premises, they came loose and fell to the ground, causing her to fall, and, as a result thereof, she suffered painful bodily injuries, for which she demands damages in the sum of $4,670. She alleges that the steps fell because they were decayed and rotten and liability is asserted on the ground that the defendant has failed to keep the premises free from these vices and defects.

The defendant answered and admitted ownership of the property and that the plaintiff was a tenant therein, but she denies all other allegations of the petition.

On this issue, evidence was heard and the district judge dismissed the plaintiff's suit. Wherefore this appeal.

It is apparent from the statement of the pleadings of the case that it involves purely a question of fact.

Plaintiff testified that, on the morning of August 8, 1935, the rear steps of the premises fell while she was in the act of using them, causing her to be thrown to the ground, and, as a direct result thereof, her back, left leg, ankle, and hip were injured. Her evidence, respecting the fact of her fall, is uncorroborated.

Sally Hollins, a negro woman who lives next door to plaintiff, testified that she was not present when the plaintiff fell, but that she came over to see the plaintiff soon after the accident happened and rubbed plaintiff's ankle. Eliza Hall, another witness, asserted that she found out about the accident at about 2 o'clock in the afternoon on the day of its occurrence and that she knows the plaintiff was injured because she helped to nurse her for a period of four weeks.

Both Eliza Hall and Sally Hollins testified that they saw the steps shortly after the accident; that these steps had been torn loose from the back portion of the premises; and that the wood, at the point where they were attached, was rotten and decayed.

Plaintiff also produced the testimony of her counsel, who says that he saw the steps some time after they had been repaired and that the wood of the portion of the premises, to which the steps had been formerly affixed, was in a decayed condition.

The plaintiff's physician, one Dr. Pettit, stated that he called to see her on August 8th or 9th and found her in bed suffering from contusions of her ankles and knees. He says that she was suffering a great deal; that he had to give her opiates to alleviate the pain; and that he treated her for three or four weeks.

On the other hand, the defendant produced one Zibilich, her rent collector, who testifies that he visited the premises on August 11th in order to receive the weekly rent from the plaintiff; that, on this occasion, plaintiff mentioned to him that the rear steps were in bad condition; and that he looked at the steps and could find nothing wrong with them. He further says that, in view of the complaint made by the plaintiff, he notified defendant's carpenter, Tillman Thompson, to investigate the matter. Thompson states that he went to the premises on or about August 11th and examined the steps but could find nothing wrong with them; that he took them down and lowered them in height at the request of Mr. Zibilich.

It is obvious from the foregoing that, if the district judge had believed the story told by plaintiff and her witnesses, it would have been his duty to hold the defendant liable. Evidently, he did not believe it for he found in favor of the defendant.

We are unable to say whether plaintiff and her witnesses are telling the truth or whether the defendant's witnesses are to be believed. The district judge

saw and heard all of the witnesses testify and he was in a better position than we are, by observing their demeanor upon the stand, to determine the weight to be given to their statements. The record reveals no manifest error in his conclusion. In the absence of salient mistake on his part, concerning his appreciation of the facts presented, we will subscribe to his view.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.