### GULLEY v. VATTER. *

#### No. 16665.

Court of Appeal of Louisiana. Orleans.

May 17, 1937.

*Rehearing denied May 31, 1937.

Johnston Armstrong, of New Orleans, for appellant.

Denegre, Leovy & Chaffe and Lloyd A. Ray, all of New Orleans, for appellee.

McCALEB, Judge.

The plaintiff, a colored woman, occupying the premises, 2121 Franklin arcade, in the city of New Orleans, owned by the defendant, claims that, on the morning of May 26, 1936, while she was descending the rear steps of the house leading into the back yard, she was injured due to the dilapidated condition of said steps which collapsed and caused her to be thrown with great violence into the yard. She avers that, as a result of the accident, she suffered a sacroiliac sprain of her back and contusions of her right arm, for which she demands damages in the sum of $300.

The defendant answered, admitting ownership of the premises, but denying that plaintiff was injured in the manner set forth in the petition and, in the alternative, he pleaded that she was guilty of contributory negligence.

The case was tried and the court below, after hearing the evidence, decided in favor of the defendant and dismissed the plaintiff's suit. Wherefore this appeal.

The issue involves purely a question of fact. The plaintiff testified that, on the date of the accident, it was raining and, while she was in the act of descending the rear steps of the premises, they collapsed, causing her to be thrown to the ground.

Her mother, Louise Williams, corroborates her testimony. Her sister, Erline Mayo, states that, while she did not see the plaintiff fall, she helped to pick her up after the fall and assisted her into the house. Plaintiff's physician, Dr. Ford N. Jones, testified that plaintiff was confined to her bed for three weeks suffering with contusions of the body and a sacroiliac sprain of her back.

We believe that this evidence is sufficient to justify the conclusion that plaintiff fell on the rear steps and was injured as a result thereof. The question therefore arises as to what was the cause of her fall. She contends that the rear steps of the premises collapsed, due to their decayed condition and the failure of the defendant to make the necessary repairs.

On the other hand, defendant maintains that plaintiff's injuries resulted from the fact that she either slipped on the back steps or lost her balance and that the injury was in no way attributable to the fact that these steps were in a state of decay or in need of repair. He tendered the testimony of Mr. Hennen, his rent collector and carpenter, who testifies that, the day after the accident happened, he visited the premises for the purpose of collecting the rent and was, at that time, informed of plaintiff's fall. He says that he examined the rear steps and found that they had not collapsed; that they were all in one piece; and that, at the point on the rear of the house to which the steps were attached, he found marks which made it appear as though a crowbar had been used to pry the steps away from the house. This witness concedes that the steps were old but asserts that they were solid and free from defect. After finding that the steps had been pried loose from the house, the witness rebuilt them with new material.

The trial judge was of the opinion that plaintiff's fall was due to the fact that she slipped on the steps and not by reason of any vice or defect existing therein. We find no obvious error in his conclusion on this question of fact. The facts of this case are practically identical with those in Estelle Lewis v. Mrs. George Wedemeyer, Sr., 174 So. 116, decided by us on May 3, 1937. In that case, after reviewing the evidence, we said: "We are unable to say whether plaintiff and her witnesses are telling the truth or whether the defendant's witnesses are to be believed. The district judge saw and heard all of the witnesses testify and he was in a better position than we are, by observing their demeanor upon the stand, to determine the weight to be given to their statements. The record reveals no manifest error in his conclusion. In the absence of salient mistake on his part, concerning his appreciation of the facts presented, we will subscribe to his view."

Counsel for plaintiff reminds us that we have reversed judgments of the trial court on questions of fact where it was found that the judge's view of the evidence was manifestly wrong. This is undoubtedly a correct statement of the law, but it is equally true that we will not set aside the trial court's decision on questions of fact unless we are able to discern plain error in his ruling. In this case, the judge had to decide whether he would accept the testimony of plaintiff's witnesses or that of Mr. Hennen, witness for the defendant. After seeing and hearing these witnesses testify, he chose to believe the testimony of Mr. Hennen. A review of the record does not reveal that he committed error in so doing.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

WESTERFIELD, J., absent.